# PROVIDENCE COUNTY.

PATRICK DUKE *et ux. vs.* THE RHODE ISLAND LOCOMOTIVE WORKS.

A writ was served by foreign attachment on the treasurer of a corporation. The corporation made its garnishee's affidavit by its assistant treasurer: —
*Held,* that the affidavit was legal.

EXCEPTIONS to the Court of Common Pleas.

This action was Case against the defendant as garnishee, brought originally in the Justice Court of the city of Providence, appealed by the defendant to the Common Pleas, and brought to this court on the defendant's exceptions. The plaintiffs sued one John Mitchell, and served their writ by foreign attachment on the treasurer of the R. I. Locomotive Works. The garnishee's affidavit was made by the assistant treasurer. After judgment against Mitchell, the plaintiffs brought this action against the garnishee, claiming that the affidavit was not

such as was required by the statute, being made by another officer of the corporation than the one served.

*July* 21, 1877. POTTER, J. The affidavit in this case was made by the assistant treasurer. It is contended that under Gen. Stat. R. I. cap. 197, § 10, the affidavit must be made by the treasurer, the same officer upon whom the writ was served, and can be made by no other person, and that the plaintiff is entitled to judgment for want of a legal affidavit. According to Gen. Stat. R. I. cap. 196, § 21, as amended by Pub. Laws, cap. 404, May 28, 1874, the service may in some cases be made on a person who is not in any sense an officer of the corporation, and who cannot be supposed to know anything of its financial affairs.

The law is not clear, but we think the reasonable construction must be that it is the corporation which is to make the affidavit, and of course by a proper officer. This construction is supported by Gen. Stat. R. I. cap. 197, § 18, and also by Pub. Laws, cap. 404, May 28, 1874, which seem to show that the legislature could not have meant that the affidavit must necessarily be made by the same person on whom the writ is served.

*Exceptions sustained.*

*Charles H. Page*, for plaintiff.

*Thurston, Ripley & Co.*, for defendants.